**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**UNITED STATES OF AMERICA**
        Plaintiff,

      v.                                           Case No. 04-CR-175

**MICHAEL KING a/k/a BRIAN WASHINGTON**
        Defendant.

---

### SENTENCING MEMORANDUM

Defendant Michael King a/k/a Brian Washington was charged with being a felon in possession of a firearm. He pleaded guilty to the charge, and the Probation Office prepared a pre-sentence report (PSR) in advance of sentencing. The PSR assigned an offense level ("OL") of 21 (base level 24, U.S.S.G. § 2K2.1(a)(2), minus 3 for acceptance of responsibility, § 3E1.1), and a criminal history category ("CHC") of VI, producing an imprisonment range of 77-96 months. Defendant filed a motion for horizontal departure from CHC VI to V under U.S.S.G. § 4A1.3. However, on review of the PSR I advised the parties that the CHC should be V without any departure due to the improper counting of an obstructing offense under § 4A1.2(c)(1). The parties agreed, and defendant withdrew his motion. Therefore, based on an OL of 21 and CHC of V, the modified imprisonment range was 70-87 months.

Defendant requested a non-guideline sentence of 24 months, concurrent with a state sentence after revocation he was then serving. The government argued for a sentence at the low end of the guideline range. Upon consideration of the arguments of counsel and the entire record, I decided to impose a non-guideline sentence of 60 months.

In imposing sentence, the court considers the factors set forth in 18 U.S.C. § 3553(a), which include:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed--
(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
(B) to afford adequate deterrence to criminal conduct;
(C) to protect the public from further crimes of the defendant; and
(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the advisory guideline range;

(5) any pertinent policy statements issued by the Sentencing Commission;

(6) the need to avoid unwarranted sentence disparities; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). On review of these factors, the court must "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2)." United States v. Galvez-Barrios, 355 F. Supp. 2d 958, 960 (E.D. Wis. 2005).

I typically group the § 3553(a) factors into three categories: the nature of the offense, the history of the defendant, and the needs of the public and any victims. I analyze each category and in so doing consider the specific statutory factors under § 3553(a), including the advisory guidelines. United States v. Ranum, 353 F. Supp. 2d 984, 989 (E.D. Wis. 2005).

I first considered the nature of the offense, which was not aggravated. On May 19, 2004, defendant was stopped for a traffic violation while returning home from picking up dinner for his family. A computer check revealed a possible warrant, and defendant was removed from his car while the officers tried to determine if he was wanted (it turned out he wasn't). While the warrant was being checked, one of the officers saw a gun sticking out from under the driver's seat. Officers seized the gun, which was loaded, and arrested defendant. Defendant was cooperative with the officers and indicated that he had the gun for protection because he had been robbed and shot in the past, facts confirmed in the PSR. He provided a <u>Mirandized</u> statement after his arrest.

Defendant was charged federally on July 20, 2004, and temporarily detained. On August 5, 2004, a magistrate judge released him on $2000 cash bail, with various conditions. Defendant had no violations of his conditions of release until January 12, 2005, when he was arrested after being found in a vehicle which contained five individually wrapped bags of cocaine. His pre-trial release and a state probationary term were revoked, and defendant was sentenced to six months in jail after revocation on the latter. Though he was not charged with any new offense related to this arrest,[1] the fact that defendant was found in a vehicle containing cocaine while on release was an aggravating factor.

Second, I considered defendant's character. He was 34 years old and until his arrest on this matter appeared to be doing pretty well. He had been in a stable relationship with Antonette Brooks for several years and worked for her day care business from 2001

---

[1]Apparently, the other occupant of the car was charged.

3

to 2004. The two share a one year old child. Defendant also had a ten year old child from a previous relationship, of whom he had custody for a period of time in 2004. He also helped to care for Ms. Brooks's children from previous relationships, aged six, ten and twelve. Ms. Brooks indicated that defendant was a good father and had been a very positive influence on the children. She indicated that all of her school-aged children were honor students, an accomplishment she attributed to their stable, two parent household. She indicated that the family had and would struggle, financially and emotionally, in defendant's absence. Defendant's efforts to become a good father and family man were all the more commendable given his unstable childhood. Defendant's mother abused drugs, and according to the PSR defendant was essentially on his own, living on the streets, by age 14.

Defendant did have a serious criminal record, though most of it was rather old. His base OL under the guidelines was elevated to 24 based on two convictions for possession with intent to distribute cocaine from 1992, when he was 20 years old, and 1995, when he was 24. He also had "counted" convictions for simple possession of cocaine, second offense, in 1993; resisting or obstructing an officer in 1994; and battery in 2004. The battery conviction involved an altercation between defendant and his sister and her boyfriend, and he received a sentence of 18 months probation. As noted, his probation was revoked in January 2005, and he was sentenced to six months in jail. Thus, with the exception of the battery conviction, defendant's record was nearly a decade old. This indicated that he appeared to have turned away from criminal activity. Further, defendant had no prior record for violence involving firearms.

Finally, I considered the needs of the public. It did not appear that defendant was physically dangerous. However, given his record, there was a risk that he would re-offend. There was also a need to impose a substantial period of confinement to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense. Although the PSR indicated that defendant had abused marijuana, all of his drug screens were negative while on pre-trial release, and he did not appear to have any pressing treatment needs.

As noted, the guidelines called for a term of 70-87 months. Under all of the circumstances, I found that this range was slightly greater than necessary to comply with the purposes of sentencing. Instead, I found that a sentence of 60 months was reasonable and sufficient. The range called for by the guidelines did not properly account for defendant's recent progress in renouncing criminal activity, his commendable efforts to become a good father, and the effects that a term of imprisonment would have on his family. The guidelines also did not account for the non-aggravated nature of the offense and the genuine fear that led defendant to acquire a gun. Therefore, I imposed a non-guideline sentence slightly below the advisory range. Because the sentence imposed hewed closely to the advisory range and was justified by the particular facts of the case, it did not result in unwarranted disparity.

Therefore, I committed defendant to the custody of the Bureau of Prisons for a period of 60 months. As noted, defendant was also serving a state sentence after revocation. Under 18 U.S.C. § 3584, the decision whether to run the present sentence concurrent or consecutive was within my discretion. The state sentence appeared to be determinate and was scheduled to expire on May 9, 2005, just a few weeks after the

5

Case 2:04-cr-00175-LA   Filed 04/27/05   Page 5 of 6   Document 60

sentencing on the instant offense. I recognized that the Commission recommended a consecutive sentence when the defendant was on probation and had that probation revoked. U.S.S.G. § 5G1.3 cmt. n.3(C). However, defendant was placed on probation for the battery offense <u>after</u> he committed the instant offense. Further, under the § 3553(a) factors discussed above and in light of the fact that the state sentence was near completion, I concluded that a concurrent sentence would be sufficient to achieve a reasonable punishment for the instant offense under the factors set forth in application note 3(A) of § 5G1.3. Therefore, I ordered that the present sentence run concurrently.

Based on his financial situation, I determined that defendant did not have the ability to pay a fine and so waived the fine. After his release from prison, I ordered that he serve a supervised release term of three years. I imposed the maximum term due to the seriousness of his record and the need for monitoring to ensure compliance with the law. Other conditions appear in the judgment.

Dated at Milwaukee, Wisconsin, this 27th day of April, 2005.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge